**VAN DER VEEN, HARTSHORN & LEVIN**
**BY: Timothy E. Possenti**
**ID No. 76478**
**1219 Spruce Street**
**Philadelphia, PA 19107**
**P: (215) 546-1000**
**F: (215) 546-8529**
**ATTORNEYS FOR DEFENDANT**

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| FRIENDS OF THE DELAWARE RIVER LLC, | : | |
| | : | **Civil No.: 2:25-cv-5806** |
| **vs.** | : | |
| | : | |
| MARTELLI'S METAL FABRICATION, INC. | : | |

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS PURSUANT TO FED. R. CIV. P. 12(b)(6) AND 12(b)(1)**

## I. INTRODUCTION

Plaintiff has filed a Clean Water Act citizen suit alleging that stormwater from Defendant's facility is discharged into the municipal stormwater system and ultimately flows through the Little Neshaminy Creek, Neshaminy Creek, the Delaware River, and eventually the Atlantic Ocean. These allegations are based entirely on speculation, unverified observation, and a single photographic image, without any accompanying scientific testing, water quality sampling, or other objective evidence.

The Complaint ignores key facts that completely undermine its claims. In 2008–2009, Defendant expanded the Facility from 12,000 square feet to 24,000 square feet pursuant to municipal land development approvals. As part of this expansion, the municipality required the installation of engineered underground stormwater retention basins, designed to capture and retain all on-site stormwater prior to any off-site flow.

Because the Complaint contains no specific allegations demonstrating that stormwater has ever escaped the retention system, and because Plaintiff relies entirely on assumptions and conjecture about downstream impacts, the Complaint fails to state a claim upon which relief can

be granted. In addition, Plaintiff cannot demonstrate that any pollution from the Facility has reached navigable waters, depriving the Court of subject-matter jurisdiction under Rule 12(b)(1). Accordingly, the Complaint should be dismissed in its entirety.

## II. LEGAL STANDARD

### A. Rule 12(b)(6) – Failure to State a Claim

Under Federal Rule of Civil Procedure 12(b)(6), a complaint must contain sufficient factual allegations to render the claim plausible on its face. "…a court must accept a complaint's allegations as true is inapplicable to threadbare recitals of a cause of action's elements, supported by mere conclusory statements." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "As to the assumption of truth, a court considering a motion to dismiss may begin by identifying allegations that, because they are mere conclusions, are not entitled to the assumption of truth. While legal conclusions can provide the complaint's framework, they must be supported by factual allegations. Id.

A court is not required to credit a complaint's conclusory statements without reference to its factual context. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). In Clean Water Act citizen suits, plaintiffs lacked standing where they "know" a company pollutes a creek. The knowledge, in that case derived from permit violations data, does not, by itself, demonstrate injury or threat of injury. *Pub. Interest Research Grp. of N.J., Inc. v. Magnesium Elektron, Inc.*, 123 F.3d 111, 119–20 (3d Cir. 1997). Here, plaintiffs have no data at all.

### B. Rule 12(b)(1) – Lack of Subject-Matter Jurisdiction

Under Federal Rule of Civil Procedure 12(b)(1), the plaintiff bears the burden of establishing that the Court has subject-matter jurisdiction. Where a plaintiff cannot show a traceable injury or actual connection to navigable waters, federal jurisdiction does not exist. The Clean Water Act establishes federal jurisdiction over "navigable waters" defined in the Act as the "waters of the United States" CWA Section 502(7)). The United States Supreme Court most recently interpreted the term ''waters of the United States'' in *Rapanos v. United States*, 547 U.S. 715 (2006). A four-Justice plurality stated that ''waters of the United States'' ''include[ ] only those relatively permanent, standing or continuously flowing bodies of water 'forming

geographic features' that are described in ordinary parlance as 'streams[,] . . . oceans, rivers, [and] lakes,'" and ''wetlands with a continuous surface connection'' to a ''relatively permanent body of water connected to traditional interstate navigable waters.

III. ARGUMENT

A. Plaintiff Fails to Identify a Discharge into navigable waters from a point source

Congress passed the Clean Water Act in 1972 to "restore and maintain the chemical, physical, and biological integrity of the Nation's waters." 86 Stat. 816, 33 U. S. C. §1251(a). A central provision of the Act is its requirement that individuals, corporations, and governments secure National Pollutant Discharge Elimination System (NPDES) permits before discharging pollution from any point source into the navigable waters of the United States. See §§1311(a), 1362(12); *EPA* v. *California ex rel. State Water Resources Control Bd.*, 426 U.S. 200, 205 (1976). The Act defines "point source" as "any discernible, confined and discrete conveyance, including but not limited to any pipe, ditch, channel, tunnel, conduit, well, discrete fissure, container, rolling stock, concentrated animal feeding operation, or vessel or other floating craft, from which pollutants are or may be discharged." §1362(14). Without an identifiable point source, the claim cannot survive.

Plaintiff makes conclusory allegations and fails to plead specific discharges or identify a point source. Plaintiff does not identify outfall, violations or supply any dates or measurements. Plaintiff presents no factual or scientific evidence, data, or testing results establishing that Defendants caused any environmental harm.

B. Claims Rely Entirely on Speculation

Plaintiff attempts to trace stormwater from the Facility to the Delaware River using a single photograph as evidence. There is no allegation of:

1. Water quality testing;
2. Chemical or biological analysis;
3. Hydrological studies; or
4. Empirical measurements.

The burden on the citizen, however, is to provide sufficient information of a violation, such as an excessive discharge, so that the permit holder and the agency can identify it. *Pub. Interest Research Grp. v. Hercules, Inc.*, 50 F.3d 1239, 1248 (3d Cir. 1995). Speculation cannot establish either liability under the Clean Water Act or standing under Article III.

C. Plaintiff Cannot Demonstrate Standing or Injury

When Congress authorizes private parties to bring claims based on procedural wrongs, these plaintiffs still must show a concrete and imminent injury to establish standing. The case and controversy requirement under Article III of the Constitution means that a plaintiff must have suffered an injury in fact, the defendant's conduct must have caused the injury, and there must be some likelihood that a court could provide a remedy for the harm if the plaintiff prevails. If the harm is not concrete or imminent, the law does not provide standing for every citizen based on generalized grievances. *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560–61 (1992). Here, Plaintiff cannot show that pollutants from the Facility have entered any navigable waters or caused any concrete environmental harm. The Complaint relies entirely on conjecture about downstream water quality, which is insufficient to confer standing.

IV. ALTERNATIVE JURISDICTIONAL ARGUMENT – RULE 12(b)(1)

Even assuming arguendo that Plaintiff's allegations were sufficient under 12(b)(6), the Complaint must still fail under Rule 12(b)(1) because the Court lacks subject-matter jurisdiction. Without evidence of discharge, the Court cannot exercise jurisdiction, and the Complaint must be dismissed.

V. CONCLUSION

For all of the reasons set forth above, Defendant respectfully requests that the Court dismiss Plaintiff's Complaint in its entirety with prejudice pursuant to Fed. R. Civ. P. 12(b)(6) and 12(b)(1). Plaintiff has failed to plead any actionable Clean Water Act claim, cannot establish standing, and has provided threadbare recitals of a cause of action's elements, supported by mere

conclusory statements as to discharge beyond the Facility.

Most Respectfully,

**VAN DER VEEN, HARTSHORN, LEVIN & LINDHEIM**

By: /s/ Timothy E Possenti
Timothy E. Possenti

**TABLE OF AUTHORITIES**

Cases

- *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)
- *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)
- *Pub. Interest Research Grp. of N.J., Inc. v. Magnesium Elektron, Inc.*, 123 F.3d 111, 119–20 (3d Cir. 1997)
- *Rapanos v. United States*, 547 U.S. 715 (2006)
- *EPA* v. *California ex rel. State Water Resources Control Bd.*, 426 U.S. 200, 205 (1976)
- *Pub. Interest Research Grp. v. Hercules, Inc.*, 50 F.3d 1239, 1248 (3d Cir. 1995)
- *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560–61 (1992)

Statutes

- 33 U.S.C. §1251 et seq. (1972)